IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**      :     **CASE NO. 1:CR-03-004**
:
**v.**      :
:
**JAMES O'NEAL-SLOAN**      :

## MEMORANDUM AND ORDER

Before the court is a motion for reduction of sentence filed *pro se* by Defendant pursuant to 18 U.S.C. § 3582(c)(2). On May 30, 2008, the Federal Public Defender was appointed to represent Defendant in this matter. Defendant is also challenging his career offender status and requests that his original sentence be amended. The court ordered briefing on that issue and the matter is now ripe for disposition.

Defendant was sentenced on March 4, 2004 as a career offender. He filed no objection to this finding in the presentence report. Defendant now claims that his 2001 Pennsylvania simple assault conviction is not a "crime of violence" for purposes of the career offender guideline.

The term "crime of violence," in the career offender guideline, means any offense punishable by imprisonment for a term exceeding one year that (1) "has an element the use, attempted use, or threatened use of physical force against the person of another," (2) "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Defendant has not claimed that the simple assault conviction was not punishable by imprisonment for a term exceeding one year. The issue is whether the Pennsylvania simple assault statute constitutes a "crime of violence."

In *United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999), the court held that "[b]ecause all three parts of Pennsylvania's definition of simple assault necessarily involve conduct that presents a serious potential risk of physical injury, a conviction under the statute is one for a crime of violence." *Id.* at 333 (internal quotation marks omitted).  On June 13, 2008, in a non-precedential opinion, the Third Circuit Court of Appeals cited to *Dorsey* in upholding two Pennsylvania simple assault convictions as "a crime of violence" under U.S.S.G. 4B1.1.  *See United States v. Green*, 282 Fed. Appx. 200, 2008 WL 2397525 (C.A. 3 (Pa.)).

This court is of the opinion that the career offender status of the Defendant was correct; therefore, this court will not address the issue of its authority to reduce a sentence previously imposed.  Accordingly, **IT IS HEREBY ORDERED THAT** Defendant's request to adjust his career offender classification is **DENIED**.

                                                          s/Sylvia H. Rambo
                                                          SYLVIA H. RAMBO
                                                          United States District Judge

Dated: October 17, 2008.